**UNITED STATES of America**

v.

**Aktham ABUHOURAN.**

**Criminal Action No. 95–00560–04.**

United States District Court,
E.D. Pennsylvania.

Aug. 9, 2004.

Robert A. Zauzmer, Philadelphia, PA, for Plaintiff.

Aktham Abuhouran, Raybrook, NY, pro se.

Jerry S. Goldman, Law Offices of Jerry S. Goldman & Assoc., Joseph P. Grimes, Grimes & Grimes, Philadelphia, PA, for Defendant.

## OPINION

POLLAK, District Judge.

Presently before the court are defendant Aktham Abuhouran's "Motion to Modify or Correct an Imposed Term of Imprisonment Under 18 U.S.C. § 3582(c)(2)" and the government's brief in opposition. Aktham Abuhouran (a/k/a Tony Houran) was convicted on October 29, 1996, on four counts of bank fraud, two counts of conspiracy, and one count of money laundering, for his participation in an elaborate scheme that caused the 1992 failure of the Bank of Brandywine Valley of West Chester, Pennsylvania. On August 20, 1997, this court sentenced Mr. Abuhouran to 109 months in prison, to be followed by a period of supervised release, and also to restitution and forfeiture of property. In calculating Mr. Abuhouran's sentence, the court applied the existing federal sentencing guideline for money laundering, section 2S1.1 of the United States Sentencing Guidelines ("Guidelines").

Mr. Abuhouran appealed, and the Third Circuit affirmed both his conviction and his sentence. *United States v. Abuhouran,* 162 F.3d 230 (3d Cir.1998). Thereafter, Mr. Abuhouran moved to vacate his sentence under 28 U.S.C. § 2255. This court denied the motion on July 12, 2001.

On May 25, 2004, Mr. Abuhouran submitted the present motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). This motion, citing Amendment 591 to the Guidelines as the basis for contesting his sentencing under U.S.S.G. § 2S1.1, is virtually identical to the motion filed on the same date by his brother and co-defendant, Hitham Abuhouran. In a separate opinion issued today, I conclude, *inter alia,* that Amendment 591 provides no basis for reducing Hitham Abuhouran's sentence. The logic of that opinion applies equally to Aktham Abuhouran's motion.

Accordingly, for the reasons relative to Amendment 591 contained in the opinion on Hitham Abuhouran's case issued today, I will deny Aktham Abuhouran's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## ORDER

For the reasons stated in the accompanying opinion, it is hereby ORDERED that defendant Aktham Abuhouran's Motion to Modify or Correct an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Docket # 491) is DENIED.